FILED
U.S. DISTRICT COURT
SAVANNAH DIV.

2007 NOV - 1  PM 2: 38

CLERK_____
SO. DIST. OF GA.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

JOSE FERNANDO COLON,           )
                               )
    Petitioner,                )
                               )
v.                             )          Case No. CV406-277
                               )
FRED BURNETTE, Warden,         )
                               )
    Respondent.                )

## REPORT AND RECOMMENDATION

On November 27, 2006, Jose Fernando Colon filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Doc. 1. His petition challenges his May 2, 1996 conviction in Effingham County on charges of aggravated child molestation, statutory rape, and furnishing alcohol to a minor. He is currently incarcerated at Telfair State Prison, serving a prison sentence totaling forty years. As a basis for habeas relief, Colon asserts thirteen errors that allegedly occurred at various stages of his

---

[1] This is Colon's second § 2254 petition. His first petition, filed on February 1, 2006, was dismissed because it included several unexhausted claims. See Colon v. Burnett, No. CV406-040 (S.D. Ga. Oct. 4, 2006). Pursuant to the Court's dismissal order, Colon re-filed his petition without the unexhausted claims. Doc. 1.

trial and sentencing.  Id.  For the reasons set forth below, his petition should be **DENIED**.

## I. BACKGROUND

Following his May 1996 conviction, Colon filed several motions for a new trial and brought a direct appeal.  The trial court denied his motions for a new trial, doc. 1, and the state court of appeals affirmed both his conviction and sentence.  Colon v. State, 619 S.E.2d 773 (Ga. Ct. App. 2005).  Thereafter, the Supreme Court of Georgia denied Colon's petition for certiorari.  Colon v. State, No. S06C0022 (Ga. Dec. 1, 2005).

Colon's § 2254 petition asserts thirteen grounds for relief:

(1)     a failure by the state trial court to conduct a full and fair hearing on his original motion for a new trial and the four amended motions for a new trial he filed subsequent to his original motion;[2]

(2)     a denial of a full and fair hearing to determine whether the evidence at trial was insufficient to support his conviction;

---

[2] Colon characterizes this ground for relief as a claim of ineffective assistance of appellate counsel.  See Docs. 1 & 13.  However, both his complaint and traverse to respondent's answer-response make it clear that he is alleging that the trial court did not properly consider his original and amended motions for a new trial, thereby depriving him of effective appellate counsel.  Id.  However, one of the sixteen sub-claims within the first claim is that his trial counsel provided ineffective assistance.  Thus, the allegation is one of trial court error, not ineffective assistance.

(3)   the trial court's allowance of inadmissible victim impact evidence;

(4)   a fatal variance between the language of the indictment and the statutory elements proven at trial;

(5)   the improper presence of someone from the district attorney's office in the grand jury room during its deliberations;

(6)   the trial court's allowance of witness testimony that impermissibly bolstered the credibility of the alleged victims;

(7)   the trial court's issuance of improper jury instructions;

(8)   a failure by the state to disclose an agreement not to prosecute a trial witness in exchange for that witness' testimony;

(9)   the trial court's refusal to grant Colon's motion to suppress his blood sample DNA from the evidence;

(10)  the trial court's allowance of evidence that Colon did not consent to the search;

(11)  the ineffective assistance of trial counsel;

(12)  the state's violation of the "golden rule" in its closing statement; and

(13)  the trial court's failure to consider Colon as a first-time offender for sentencing purposes.

Doc. 1.

## II. LEGAL ANALYSIS

### A. Applicable Legal Principles

The Court's review of Colon's § 2254 petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which precludes the granting of federal habeas relief:

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). In Neelley v. Nagle, 138 F.3d 917, 922–25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape' at the time the state court adjudicated the petitioner's claim to determine the applicable Supreme Court authority . . . ." Id. at 923.[3] A legal principle is "clearly

---

[3] Only Supreme Court precedents can determine the reasonableness of a state court decision. Lindh v. Murphy, 96 F.3d 856, 869 (7th Cir. 1996) (en banc), rev'd on other grounds, 519 U.S. 1074 (1997). "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." Id. at 869. It is only the holdings, not the

established if Supreme Court precedent would have compelled a particular result in the case." Id.; see also Hogan v. Hanks, 97 F.3d 189, 192 (7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

Second, the court must determine whether the state court's adjudication of the claim was "contrary to" clearly established Supreme Court precedent. Neelley, 138 F.3d at 923. A decision is "contrary to" the then existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923, 924.

And third, assuming the state court applied the proper law, the federal court must determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court precedent, which is a mixed question of law and fact. Id. at 924; Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh, 96 F.3d at 870. This standard of review precludes a federal court from granting habeas relief based on its mere disagreement with the state court's decision, which "would amount to de novo review, which Congress clearly did not

dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. Williams v. Taylor, 529 U.S. 362, 412 (2000).

intend." Neelley, 138 F.3d at 924; see H.R. Rep. No. 104-518, at 111 (1996) (Conf. Rep.), as reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application of,' clearly established federal law").

In Williams, 529 U.S. 362, the Supreme Court clarified that the "unreasonable application" clause of § 2254(d) requires a federal court to "ask whether the state court's application of clearly established federal law was *objectively* unreasonable." Id. at 409 (emphasis added). The court then emphasized that a federal court may not grant a § 2254 petition "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411.

Furthermore, in reviewing a state prisoner's habeas petition, a federal court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. at

67–68. "A federal habeas court may not issue the writ on the basis of a state's interpretation of its own laws and rules, absent extreme circumstances." Breedlove v. Moore, 279 F.3d 952, 963 (11th Cir. 2002) (citing Pulley v. Harris, 465 U.S. 37, 42 (1984)). On habeas review, a federal court is limited to determining whether a petitioner's federal due process rights were violated. See Woods v. Estelle, 547 F.2d 269, 271 (5th Cir. 1977). This Court, therefore, can only review state evidentiary rulings to determine whether the "ruling affects the fundamental fairness of the trial." Sims v. Singletary, 155 F.3d 1297, 1312 (11th Cir. 1998). "Additionally, such trial court errors are subject to the harmless error analysis and will not be the basis of federal habeas relief unless the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" Id. (citing Brecht v. Abrahamson, 507 U.S. 619, 623 (1993)).

Just as § 2254(d)(1) restricts the Court's review of a state conviction to a state court's unreasonable interpretation or application of federal law, § 2254(e)(1) limits the Court's review of a state court's findings of fact to errors established by "clear and convincing" evidence. It does so by establishing a presumption of correctness for all of a state

court's factual determinations, which the petitioner may rebut, but only by providing "clear and convincing evidence" that the state court's fact findings are wrong.  § 2254(e)(1).  With these considerations in mind, the Court will now turn to Colon's asserted grounds for relief.

## B.  Full and Fair Hearing on Motion for a New Trial

The first and second grounds for relief asserted in Colon's § 2254 petition allege that the trial court did not provide a "full and fair hearing" on all of the grounds raised in his original and first four amended motions for a new trial.[4]  Doc. 1.  Within those first two grounds, Colon raises sixteen sub-issues that he alleges were not given a full and fair hearing by the trial court that entertained his motion.  This alleged failure to provide a full and fair hearing constitutes a violation of his due process rights, according to Colon.

---

[4] The second claim in Colon's petition is that he did not receive a full and fair hearing regarding the sufficiency of the evidence supporting his conviction.  Doc. 1. The petition does not specify whether Colon is alleging that he sought and was denied an independent hearing on the sufficiency of the evidence issue or whether the trial court that entertained his motion for a new trial did not provide a "full and fair hearing" on the sufficiency issue.  Because Colon raised the sufficiency of the evidence issue in his initial motion for a new trial, and the state court denied relief on that issue, the Court will treat it as part of the first claim.  However, even if Colon had meant to raise it as a separate issue, under <u>Jackson v. Virginia</u>, 443 U.S. 307, 324 (1979), the witness testimony, including testimony from the victims, and the forensic evidence was sufficient to support his conviction.

Even when a state court has rendered judgment, a federal court is obliged to examine whether "the factfinding procedure employed by the State court was . . . adequate to afford a full and fair hearing." Ford v. Wainwright, 477 U.S. 399, 411 (1986). The Court must look to see if "for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing" and ensure that "the state court actually reached and decided the issues of fact tendered by the defendant." Townsend v. Sain, 372 U.S. 293, 313–14 (1963).

The record reveals that, on October 19, 2001, the trial court held a hearing on Colon's original and first four amended motions for a new trial. Doc. 3 ex. G. At that hearing Colon's attorney specifically stated that he had set forth several grounds for relief in the briefs filed with the state court. But Colon's attorney also informed the state court that he wanted to focus on the "main issues" during the hearing, while reminding the court to take under advisement all issues presented in the briefs. Id. at 2–3. That Colon's attorney chose to spend his time at the hearing addressing the issues he considered most important, or most in need of explanation, does not mean the state court considered only those

issues. Rather than ignore the issues not discussed at the hearing, the state court judge specifically stated, "I will obviously take a look at all of the points that are raised." Id. at 9.

After holding further hearings and accepting further amendments to Colon's motion for a new trial, the state court issued an order denying the motion. Doc. 3. ex. L. In that order the state court declared that it had considered all of the facts and the applicable law. Id. Colon points to no evidence, other than the fact that his motion was denied, that the trial court did not honor its pledge to "take a look at all the points that are raised." What is more, Colon points to no Supreme Court precedent clearly establishing that a state trial court must provide detailed, written explanations of its decisionmaking process. Therefore, claims one and two in Colon's § 2254 petition do not raise any issues entitling him to relief from his conviction.

## C. The Trial Court's Allowance of Victim Impact Evidence

Colon's third claim is that the trial court violated his due process rights by admitting victim-impact evidence during the guilt/innocence phase of his trial. The record shows that two witnesses (one victim and that victim's grandmother) testified that after the victim was violated by

Colon, she became depressed and harbored thoughts of suicide. Colon asserts that Georgia and federal law forbid such victim-impact evidence during the guilt/innocence phase of a criminal trial. Because this is a state evidentiary issue, the Court can only determine whether the admission of that testimony violated petitioner's due process rights.

The state appellate court concluded that Colon's earlier attack on the victim's credibility and mental stability opened the door for the state to rehabilitate the victim with testimony that she did not suffer from depression or suicidal thoughts until after her illegal interactions with Colon. Colon, 619 S.E.2d at 777. As the state court "thoroughly reviewed" the testimony and made a ruling that is not inconsistent with federal precedent, Colon bears the burden under § 2254 of providing clear and convincing evidence that the state appellate court misread the trial transcript. He has failed to do so; consequently, Colon's due process rights were not violated, and habeas relief is unavailable on this ground.

**D.  Fatal Variance Between the Language of the Indictment and the Statutory Elements Proven at Trial**

Each charge in Colon's indictment includes language stating that he committed the offenses "Unlawfully and with force and arms." Doc. 3

ex. G.  According to Colon, that language constitutes a material element of the offenses charged in the indictment and the state failed to prove those elements at trial.  Doc. 1.  The state appellate court, however, rejected that claim, noting that "when the phrase 'with force and arms' is not a part of the statue violated, 'it is surplusage, unnecessary to constitute the offense, need not be proved, and may be disregarded.'" Colon, 619 S.E.2d at 776 (quoting Garvey v. State, 335 S.E.2d 640, 646 (1985)).  In Ford v. United States, 273 U.S. 593, 602 (1927), the Supreme Court stated, "A part of the indictment unnecessary to and independent of the allegations of the offense proved may normally be treated as 'a useless averment' that 'may be ignored.'" Id. at 602.  Likewise, in Berger v. United States, 295 U.S. 78 (1935), the Supreme Court stated:

> [t]he general rule that allegations [in an indictment] and proof must correspond is based upon the obvious requirements (1) that the accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial; and (2) that he may be protected against another prosecution for the same offense.

Id. at 82.  Here, the state appellate court's application of state law neither violated clearly established federal law nor constituted an

unreasonable application of federal law.  Thus, this is not a valid claim for habeas relief.

### E. Presence of an Assistant District Attorney in the Grand Jury Deliberation Room During the Grand Jury's Deliberation and Vote on Colon's Indictment

Colon's next asserted ground for relief is that his indictment, and therefore his conviction, was rendered invalid by the presence of an assistant district attorney in the grand jury's deliberation room during its deliberation and vote.  Doc. 1.  This is not a frivolous claim.  For example, the Federal Rules of Criminal Procedure forbid a prosecutor from being present for grand jury deliberations.  Fed. R. Crim. P. 6(d).  Those rules, however, only apply to federal proceedings.  Fed. R. Crim. P. 1; see also McClendon v. May, 37 F. Supp. 2d 1371 (S.D. Ga. 1999).  The state appellate court agreed that an indictment obtained where the prosecutor is present during grand jury deliberations or voting should be set aside.  Colon v. State, 619 S.E.2d at 778.  In fact, the state court announced a prospective rule that dismissal would result from similar violations in the future.  Id.

Despite its distaste for the assistant district attorney's conduct, the state appellate court, citing United States v. Mechanik, 475 U.S. 66, 73

F.2d 1137, 1143 (11th Cir. 1987) (citing <u>Engle v. Isaac</u>, 456 U.S. 107 (1982)). "A federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims or (2) are not exhausted but would be clearly barred if returned to state court." <u>Sims v. Singletary</u>, 155 F.3d 1297, 1313 (11th Cir. 1998) (citations and quotation marks omitted).

Here, the state appellate court did not invoke the phrase "procedurally barred" in its <u>Colon</u> opinion. But it explicitly declined to review this asserted ground for relief because of Georgia's well-established, consistently applied contemporaneous objection rule. After stating the "general rule, [that] it is necessary to object at the time evidence is actually offered, or the objection is waived; . . . an objection different from that made below may not be urged on appeal," <u>Colon</u>, 619 S.E.2d at 779 (citing <u>Rogers v. State</u>, 543 S.E.2d 81 (Ga. Ct. App. 2000)), the state appellate court reviewed the trial transcript, found that Colon's counsel had not objected to the testimony, and, undoubtedly, invoked the contemporaneous objection rule—a state-law procedural bar—in declining to review the claim. <u>Id.</u>

(1986), concluded that "[h]owever diligent [petitioner] may have been in seeking to discover the basis for any alleged grand jury irregularity, the trial jury's verdict 'rendered harmless any conceivable error in the charging decision that might have flowed from the violation.'" Colon, 619 S.E.2d at 778 (quoting Mechanik, 475 U.S. at 73). Because Colon did not raise the issue of grand jury irregularity until after his conviction, the trial jury's verdict rendered the misconduct harmless. As the state court made a ruling consistent with Supreme Court precedent, this ground must fail.

## F.  Impermissible Bolstering of Witness Testimony

Colon's next asserted ground for relief is that the trial court violated his due process rights by allowing a state witness to impermissibly bolster the testimony of one of the victims. Doc. 1. The state appellate court found that Colon had not preserved this issue because he failed to object at trial.

The Eleventh Circuit, following Supreme Court precedent, has held that "the considerations of comity that underlie the procedural bar doctrine require federal habeas courts to honor state procedural rules, and not only state courts' procedural rulings." Lindsey v. Smith, 820

As the Eleventh Circuit has stated, federal courts must honor a state court's procedural rules. <u>Lindsey</u>, 820 F.2d at 1143; <u>Sims</u>, 155 F.3d at 1313. Therefore, the Court will not consider Colon's assertion that the trial court violated his due process rights by allowing the impermissible bolstering of witness testimony.

## G.  Improper Jury Instructions

Colon's next asserted ground for relief is based on a slight discrepancy between the language in his indictment and the trial court's instructions to the jury on O.C.G.A. § 16-6-4(c), Georgia's aggravated child molestation law.  His specific argument proceeds as follows:  (1) the trial court charged the jury on O.C.G.A. § 46-6-4(c) in its entirety; (2) that provision states that "[a] person commits the offense of aggravated child molestation when such a person commits an offense of child molestation which act *physically injures the child* or *involves an act of sodomy*" (emphasis added); (3) his indictment does not accuse him of physically injuring any of the victims; it alleges only that his crime involved an act of sodomy; (4) therefore, the trial court's jury instruction violated his due process and equal protection rights because the

instruction charged the jury as to the entire statute, although his indictment itself alleged sodomy only. Doc. 1.

Colon's assertion does not raise a claim for relief under 28 U.S.C. § 2254. The state appellate court acknowledged that reversible error can arise if (1) an indictment specifies one of many methods in which the statute can be violated and then includes only one of those manners in the indictment, and (2) "a reasonable probability exists that the jury convicted the defendant of committing the offense in a manner not charged in the indictment." Colon, 619 S.E.2d at 780 (quoting Hall v. State, 561 S.E.2d 464, 466 (Ga. Ct. App. 2002)).

The state appellate court found no "reasonable probability" that the jury convicted Colon for committing the offense in a manner not specified in the indictment. Id. Among other findings, the court pointed out how the trial court read the entire indictment, admonished the jurors to consider the charges "count by count, charge by charge," and ordered them to consult the indictment, "to read as to what the charges are and to whom they refer by way of alleged victims." Id.

Colon offers no "clear and convincing evidence" that the appellate court erred in its review of the transcript and points to no other evidence

at trial that he applied physical force to the victims, which could have bolstered his argument of improper jury instructions. See 28 U.S.C. § 2254(e)(1). Moreover, even if the appellate court had erred in its citations to the record, Colon cites no Supreme Court precedent that would compel the conclusion that relief under § 2254 is merited where a state trial judge makes a mild error in charging a jury on the elements of a state criminal statute. The writ of habeas corpus is available to remedy violations of federal, not state, law.

### H. State Failure to Disclose an Agreement not to Prosecute a Witness who Testified Against Colon

Colon alleges that the state failed to disclose an agreement under which a trial witness would receive prosecutorial immunity in exchange for his testimony against Colon. Doc. 1. The state is required to disclose all evidence favorable to the accused that might affect the outcome of the trial. Brady v. Maryland, 373 U.S. 83 (1963); United States v. Agurs, 427 U.S. 97, 104 (1976). Because evidence that might have been used to impeach a state witness by revealing bias or interest falls within Brady's holding, Giglio v. United States, 405 U.S. 150 (1972), the state would be required to inform Colon about any agreements or promises it had made

with trial witnesses in order to obtain their testimony at trial. <u>See</u> <u>United States v. Bagley</u>, 473 U.S. 667, 676 (1985).

To establish a <u>Brady</u> violation for failure to disclose all relevant evidence, Colon must establish "(1) that the [State] possessed evidence favorable to the defense, (2) that the defendant did not possess the evidence and could not obtain it with any reasonable diligence, (3) that the prosecution suppressed the evidence, and (4) that a reasonable probability exists that the outcome of the proceeding would have been different had the evidence been disclosed to the defense." <u>Moon v. Head</u>, 285 F.3d 1301, 1308 (11th Cir. 2002).

Instead of persuasive evidence supporting his allegation, Colon has produced only speculation. At his trial one government witness testified to having improper physical contact with an underage girl. Based on the witness' admission and the government's subsequent failure to charge that witness with any crime, Colon has deduced that the government and the witness had a pre-existing agreement that should have been disclosed. But the prosecutor, an investigator, and the witness all testified that no deal ever existed, and Colon has produced no evidence to

the contrary. Colon, 619 S.E.2d at 780. He is not entitled to § 2254 relief for this asserted error.

## I.     Denial of Colon's Motion to Suppress

During the investigation police learned that Colon had sex with two of the victims on the same day and had used a condom during each offense. Colon, 619 S.E. at 780. After the victims gave the police credible information about the location of the condoms, the police seized them and extracted DNA from spermatozoa found inside of the condoms. Soon thereafter, the police obtained a search warrant for a sample of Colon's blood so that a comparison between Colon's DNA and the DNA found in the condoms could be conducted. Id. The samples matched. At trial, the state introduced evidence that the DNA in the blood sample matched the DNA taken from the condoms. Id.

Before trial, Colon moved the court to suppress the DNA evidence taken from his blood sample, arguing that the search warrant affidavit was defective as a matter of law because it was impossible to review the warrant for staleness because the affidavit provided no date upon which the alleged offenses occurred. On appeal Colon repeated his challenge to the warrant affidavit and added to that challenge the additional

argument that the state had failed to introduce a copy of the warrant at the suppression hearing. Colon, 619 S.E.2d at 780–81. Having no luck with the state appellate court on this issue, Colon repeats the same claims here. Doc. 1 at 9.

The Court's review of this claim, however, is controlled by Stone v. Powell, 428 U.S. 465 (1976), which held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Id. at 494. Thus, the court may grant relief on this ground only if Colon demonstrates that he did not receive a full and fair hearing on the arguments raised at his suppression hearing. He has made no such demonstration.

Regarding his first argument—that the state did not introduce the search warrant at the suppression hearing—the state appellate court found that Colon did not challenge the existence of the search warrant at the suppression hearing. Colon, 619 S.E.2d at 781. At that hearing he introduced a copy of the affidavit supporting the search warrant and heard the testimony of the officer who prepared the affidavit. Id. The

trial court found that the affidavit and testimony were sufficient to support a finding of probable cause to issue the search warrant; therefore, the DNA evidence taken from the blood sample was properly admitted at trial. Id.

As for Colon's second argument—that the affidavit supporting the officer's warrant application was defective because it did not state the date upon which the incident allegedly occurred—the appellate court also provided a full and fair hearing. Colon's argument flows from the staleness doctrine, which provides that an affidavit in support of a search warrant application typically must include a date the incident allegedly occurred so that the reviewing magistrate can determine whether the information in the warrant is stale. Id. But the state appellate court concluded that staleness was not an issue in this case because the police already had extracted the DNA from the condoms when they applied for the warrant and Colon's blood—the target of the warrant—was not subject to staleness. Id.

That well-reasoned conclusion not only indicates that Colon's evidentiary hearing was "full and fair," it also accords with the Fourth Amendment's probable cause requirement. "To find probable cause, the

magistrate must make a 'practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" United States v. Hooshmand, 931 F.2d 725, 736 (11th Cir. 1991) (quoting Illinois v. Gates, 462 U.S. 213, 238 (1983)) (alteration in original). Based on the Supreme Court's probable cause precedent, the state appellate court correctly determined that it was unnecessary for the affidavit to contain an offense date because, barring Colon's death, there would be no possible change in circumstances that would affect the target of the warrant.

### J. Admission of Evidence that Colon Refused to Cooperate when the State Executed the Search Warrant

When the police executed the search warrant by collecting a sample of Colon's blood, he resisted. Citing to Miranda v. Arizona, 384 U.S. 436 (1966), he now asserts that the introduction into evidence of his refusal to cooperate violated his Fifth Amendment right against self-incrimination.

Colon is mistaken in his assertion. Initially, the Court notes that this claim is procedurally barred because, after concluding that Colon did

not lodge a proper objection at trial, the state appellate court refused to consider it. <u>Colon</u>, 619 S.E.2d at 781; <u>Sims</u>, 155 F.3d at 1313 ("A federal court must dismiss those claims or portions of claims that either (1) have been explicitly ruled procedurally barred by the highest state court considering the claims or (2) are not exhausted but would be clearly barred if returned to state court." (citations and quotation marks omitted)).

Furthermore, Colon's reference to <u>Miranda</u> is misguided. The police had obtained a search warrant to draw his blood, and the trial testimony recounting his lack of cooperation in giving the blood sample was a relevance issue, not a Fifth Amendment issue. <u>See</u> <u>South Dakota v. Neville</u>, 459 U.S. 553, 563–64 (1983) (holding that evidence of defendant's refusal to submit to lawfully requested blood-alcohol test is not a coerced act and does not violate the Fifth Amendment). Because this is a question of state evidence law, it is not a ground for relief under § 2254.

## K.      Ineffective Assistance of Trial Counsel

Colon alleges that his trial counsel rendered ineffective assistance by asking a detective, during cross-examination, whether he believed the

victims' statements. The moment of alleged ineffectiveness occurred during an attempt by Colon's attorney to undermine the victims' credibility. The attorney asked the detective if his opinion of the victims' credibility would change "if it was shown as absolute fact" that the victims had lied. <u>Colon</u>, 619 S.E.2d at 781–82. The attorney, after pointing out that the victims had testified that Colon bought alcohol for them at a specific store, confronted the detective with the store owner's testimony, in which he testified that Colon did not purchase alcohol there for the victims. <u>Id.</u> at 782. The detective responded that he believed the victims. <u>Id.</u> The state appellate court found no basis for Colon's allegations of ineffective assistance of counsel, finding instead that the questions lodged by Colon's attorney were an attempt to point out inconsistencies in the victims' account of events. <u>Id.</u>

In <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984), the Supreme Court created a two-part test for determining whether a party has received ineffective assistance of counsel. First, the party must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." <u>Id.</u> Second, the party must demonstrate that the defective performance

prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

Neither prong is satisfied here. Under the first prong, the reasonableness of an attorney's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances. Strickland, 466 U.S. at 690. The petitioner carries a heavy burden, as "reviewing courts must indulge a strong presumption that counsel's conduct falls within the wide range of professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689. The record here supports the trial court's conclusion that Colon's attorney was attempting to flesh out inconsistencies in the victims' testimony, which was part of defense counsel's overall strategy to undermine the victims' credibility. Colon has failed to raise a valid claim of ineffective assistance of counsel.

## L.    Violation of the "Golden Rule"

Colon further alleges that the prosecutor violated the "golden rule" in his closing argument by asking the jurors to place themselves in the place of the victims. Doc. 1. The state appellate court refused to

consider this argument because Colon did not object to it at trial and therefore failed to preserve the issue for appeal.[5] Colon, 619 S.E.2d at 782. As in issue "I," the procedural default rule precludes this Court's consideration of this issue. See Sims, 155 F.3d at 1313. And even if it did not, Colon points out no Supreme Court holding indicating that a state prosecutor's request that the jury empathize with the victims constitutes a deprivation of a federal right. The only case Colon cites to support his argument on this issue is Brooks v. Kemp, 762 F.2d 1383 (11th Cir. 1985), vacated, 478 U.S. 1016 (1986), on remand, 809 F.2d 700 (11th Cir. 1987). However, Brooks (1) is not a Supreme Court holding and (2) does not address the constitutional implications of a state prosecutor's alleged appeal to the jury's passions. Instead, the relevant issue in Brooks was the appropriateness of a prosecutor's closing argument at a capital sentencing case, not at a determination of guilt or innocence. Id. Hence, Colon has failed to meet his burden under § 2254.

## M. Failure to Treat Colon as a First Time Offender for Sentencing Purposes

---

[5] Colon contends that his counsel did in fact object and cites the alleged objection in the trial transcript. Doc. 13. Petitioner is correct that his trial counsel objected to the state's closing argument, but the objection did not include an alleged violation of the "golden rule." Following the general objection that petitioner cites, Trial Tr. Vol. IV at 85, ll. 14–25, his trial counsel specifically enumerates three bases for his objection, none of which relate to the "golden rule." Id. at 86–88.

Colon's final asserted ground for relief is that the trial court erred by refusing to consider whether he should receive first-time offender treatment during the sentencing phase of his trial. Doc. 1. As the state appellate court points out, however, Colon did not request first offender treatment, so it was never brought to the court's attention. Colon v. State, 619 S.E.2d at 782. Furthermore, the Georgia sentencing statute does not require the attribution of first offender status. O.C.G.A. § 17-10-1(b). Thus the court's failure to grant first offender status to petitioner does not violate his rights of due process or equal protection, and this ground must fail.

## III. CONCLUSION

Because Colon has failed to demonstrate any deprivation of a federal right, his petition for habeas corpus pursuant to 28 U.S.C. § 2254 should be **DENIED**.

So **REPORTED** and **RECOMMENDED** this _18t_ day of November 2007.

_M. Smith_
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**